MAYOR, ETC., OF CITY OF NEW YORK *v.* CONSTANTINE *et al.*

*(Superior Court of New York City, General Term.  May 2, 1892.)*

1. NEW TRIAL—PRACTICE—MOTION BEFORE TRIAL JUDGE.
   Code Civil Proc. § 999, providing that the judge presiding at a "trial by a jury" may entertain a motion for a new trial on his minutes, does not authorize such motion to be made where the trial was by the court without a jury.

2. ACTION ON RECOGNIZANCE—RES ADJUDICATA.
   A judgment against a surety, on the recognizance of a person convicted of neglecting the support of his family, is a bar to a second action on the same recognizance, in the absence of evidence that it was rendered for a specific reason, preserving the right to bring another action.

Appeal from jury term.

Action by the mayor, aldermen, and commonalty of the city of New York against Thomas S. Constantine and Andrew J. Constantine. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant Andrew J. Constantine appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*John D. Quincy,* for appellant. *Louis Hanneman,* Corp. Atty., for respondents.

FREEDMAN, J. The issues in this case were tried by a judge of this court without a jury, and he filed his decision containing his findings of fact and conclusions of law and the direction for judgment, and judgment was entered accordingly. In such a case there is no jurisdiction to entertain a motion for a new trial upon the minutes of the judge, under section 999. That section applies only to jury trials. The motion for a new trial, which was made upon all the grounds stated in said section, was therefore properly denied, irrespective of the particular reason which may have influenced the learned judge. Upon the appeal from the judgment various reasons have been assigned for reversal, but it is only necessary to notice one of them, because it is fatal. The printed case leaves it somewhat uncertain whether both defendants appeal, or only the defendant Andrew J. Constantine, but from the points submitted it clearly appears that the appeal is prosecuted by him alone. As to him, the former judgment of the district court, which was in his favor, and which he pleaded herein as a defense, is a bar to this action. The present action was brought in December, 1887, by the above-named plaintiffs against the defendant Andrew J. Constantine, as surety upon a recognizance or undertaking given by the defendant Thomas S. Constantine, upon his conviction before a police justice of this city of being a disorderly person, for neglecting to support his wife and children. The recognizance or undertaking was given under the provisions of the Code of Criminal Procedure, and the condition was that Thomas S. Constantine should be of good behavior for one year, and should pay $10 weekly to the commissioners of public charities and correction for the support and maintenance of his family. The breach alleged is that Thomas S. Constantine had not paid to said commissioners the $10 per week from the giving of the recognizance or undertaking until the expiration of the year therein mentioned. Upon the trial it was shown that in February, 1887, the same plaintiffs brought an action against the same de-

fendants upon the same recognizance or undertaking, and for a breach thereof, in the district court in the city of New York for the third judicial district; that Andrew J. Constantine answered, and set up various defenses; that, upon a trial of the issues raised by the pleadings in that action, a general judgment in favor of said defendant was rendered on or about June 10, 1887; and that, upon an appeal by the plaintiffs from said judgment to the general term of the court of common pleas, the said judgment was, on or about October 29, 1887, in all respects affirmed. As it seems to be well settled that there can be but one recovery upon the recognizance or undertaking sued upon; that a recovery may be had upon refusal to support at any time after the recognizance or undertaking has been given; and that the whole amount is forfeited upon a single breach,—the judgment referred to, in the absence of proof that it was given for a specific reason, which preserved the right to bring another action, constitutes a former adjudication, and, as such, it is conclusive between the parties on every question covered by it, and a complete bar to the present action, at least so far as the appellant now before the court is concerned. Moreover, it may well be doubted whether upon the last trial the plaintiffs sufficiently established a breach of the condition, within the rule laid down in *People* v. *Pettit*, 74 N. Y. 320. The order denying defendants' motion for a new trial should be affirmed, but the judgment should be reversed, and a new trial ordered, with costs to the appellant, Andrew J. Constantine, to abide the event. All concur.